# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT RAY DAVIS, <br><br> Defendant. | Case No.  08-CR-2011-LRR <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the court on the Government's request for sanctions and enforcement of restitution order (Docs. 73, 85, 94).  I conducted a hearing on the matter, pursuant to 18 U.S.C. § 3613A(b)(1), on October 30, 2017 (Doc. 88).  The parties submitted post-hearing briefs: the Government submitted a brief on December 11, 2017 (Doc. 94), and Defendant Robert Ray Davis filed a reply brief on December 13, 2017 (Doc. 95).  I submit this report and recommendation for the district court's consideration of the appropriate remedy for Davis' default on payment of restitution under 18 U.S.C. § 3613A(a)(1).

### *I.    BACKGROUND*

The court originally sentenced Davis on April 8, 2009, for his failure to pay child support conviction.  Doc. 40.  The court imposed a sentence of 21 months' imprisonment followed by one year of supervised release and ordered that Davis pay restitution in the amount of $117,655.63 to Iowa Child Support Recovery Unit.  *Id*.  The court also ordered Davis to "notify the United States Attorney within 30 days of any

change of mailing or residence address that occurs while any portion of the financial obligation(s) remains unpaid." *Id*; *see also* 18 U.S.C. § 3612(b)(1)(F). Davis' supervised release was terminated on August 22, 2011. Doc. 51. Davis made restitution payments until 2014. Docs. 73-1 at 1, 94-1.

It appears both Davis' probation officer and the United States Attorney's Office advised Davis that he must make restitution payments and maintain contact with the United States Attorney's Office until restitution was paid in full. Doc. 73-1 at 2. It also appears Davis previously moved, in 2012, without notifying the United States Attorney's Office. Doc. 73-1 at 2. The Government was able to locate and obtain financial information from Davis in 2012, and restitution payments resumed until January 2014. *Id*. Davis failed to appear for multiple debtor's examinations in 2014. Docs. 56, 61, 65, 68, 73-1 at 4.

On October 27, 2016, the court found Davis in default on repayment of restitution, and a default judgment was entered the following day. Docs. 71, 72. I granted the Government's motion to issue a warrant for Davis' arrest on July 18, 2017. Doc. 74. The Government was uncertain of Davis' whereabouts from around January 2014 (when the last payment was received) until after I issued an arrest warrant in July 2017. Doc. 73-1 at 2-5. Davis made his initial appearance on the arrest warrant on October 3, 2017, and the parties agreed to conduct a debtor's examination the following day. Doc. 76. Davis failed to appear for that debtor's examination due to transportation issues, and I granted his attorney's request to continue the examination to the following day. Docs. 80, 81. The Government completed the debtor's examination as scheduled on October 5, 2017. Doc. 82. I conducted the final hearing on enforcement of the restitution order on October 30, 2017. Doc. 88. Davis testified at the Government's request, and Larry Helgemo testified on Davis' behalf. *Id*. Davis has been represented by court-

2

appointed counsel, David Eastman, since his initial appearance in this case. *See* Docs. 77, 80, 88.

There is no dispute[1] that Davis has failed to make a restitution payment since the last garnishment of his wages on January 13, 2014. There is also no dispute that he currently owes an unpaid balance of $43,134.33. The Government requests the court order an updated presentence investigation report, resentence Davis to three months' imprisonment, and order a payment schedule requiring Davis to pay no less than $300 per month. Doc. 94. Davis requests the court find him in contempt but allow him to purge the contempt by finding a job within a specified time period and making appropriate restitution payments.

## II. DISCUSSION

After finding a defendant in default on payment of restitution, a court may take various actions to obtain compliance with the restitution order. *See* 18 U.S.C. § 3613A; *see also United States v. Rogers*, No. CR08-0072, 2012 WL 3151564, at *2 (N.D. Iowa Aug. 2, 2012) (outlining available remedies for default on payment of restitution), *report and recommendation adopted*, 2012 WL 3689477 (N.D. Iowa Aug. 27, 2012). This includes: (1) revoking or modifying terms of probation or supervised release; (2) resentencing the defendant pursuant to 18 U.S.C. §3614; (3) holding the defendant in contempt of court; (4) entering a restraining order or injunction; (5) ordering the sale of the defendant's property; (6) accepting a performance bond; (7) entering or adjusting a payment schedule; or (8) taking any other action necessary to obtain compliance with the order of restitution. 18 U.S.C. § 3613A(a)(1). In determining which is the

---

[1] Essentially all the facts contained herein are undisputed and are more fully set forth in the Government's brief and attached transcript (Docs. 94, 94-2).

3

appropriate action, "the court shall consider the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the . . . restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution." 18 U.S.C. § 3613A(a)(2).

Davis has already completed his term of supervised release. I credit the Government's contentions (*see* Doc. 94 at 13 n.3) that Davis does not own property or have resources to warrant a sale or performance bond. Accordingly, it appears the only available sanctions would be to order a payment schedule, hold Davis in contempt, and/or resentence Davis to a term of imprisonment.

Civil contempt, which is remedial in nature, serves "to enforce compliance with [a court's] lawful orders." *Cedar Rapids Lodge & Suites, LLC v. JFS Dev., Inc.*, No. 09-CV-175-LRR, 2011 WL 4625661, *3 (N.D. Iowa Oct. 3, 2011) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)), *adopting report and recommendation*, 2011 WL 4625721 (N.D. Iowa Sept. 1, 2011); *see also Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir. 1989). "When the contempt order involves imprisonment, if 'the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket,' it remains coercive, and therefore civil." *United States v. Lippitt*, 180 F.3d 873, 877 (7th Cir. 1999) (citation omitted) (quoting *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 828 (1994)). Criminal contempt, on the other hand, provides "a punishment for disobedience." *Cedar Rapids Lodge*, 2011 WL 4625661, at *3 (citing *United States v. Waggoner*, 103 F.3d 724, 727 (8th Cir. 1997)). Criminal contempt requires a "showing of willfulness." *United States v. Ofe*, 572 F.2d 656, 657 (8th Cir. 1978) (per curiam).[2]

---

[2] In certain instances not applicable here, criminal contempt also requires a jury trial. *See*, *e.g.*, 18 U.S.C. § 3691; *Clark v. Boynton*, 362 F.2d 992, 999 (5th Cir. 1966).

When a defendant knowingly fails to pay restitution, a court may resentence the defendant to "any sentence which might originally have been imposed"[3] if the court determines: (1) the defendant willfully refused to pay [restitution] or had failed to make sufficient bona fide efforts to pay [restitution]; or (2) in light of the nature of the offense and the characteristics of the person, alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence." 18 U.S.C. § 3614(a), (b). The court cannot resentence a defendant "solely on the basis of inability to make payments because the defendant is indigent." 18 U.S.C. § 3614(c). The court need not consider options other than imprisonment if the failure to pay restitution was willful. *See United States v. Montgomery*, 532 F.3d 811, 814-15 (8th Cir. 2008).

I FIND that Davis not only failed to make bona fide efforts to find employment and make restitution payments, he willfully failed to pay restitution. Davis moved to Florida around early 2014. He knew at that time he still owed a significant amount in restitution. It is uncontested that Davis did not notify the United States Attorney's Office of this move or his updated address. He also failed to maintain contact with the United States Attorney's Office from that time forward, even to discuss any purported inability to make restitution payments. Davis claims he looked for employment for a few months after he moved but made no further attempts to find regular work. He also denied (during the debtor's examination) being employed since 2014, although the record shows (and he admits) he performed carpentry and similar work on a regular basis for pay, including for Mr. Helgemo. While Davis indicated he may have access to resources to use toward restitution, from his girlfriend, Mr. Helgemo, and another person he performed work for, he has not made arrangements to make any payment toward

---

[3] Davis was originally sentenced to 21 months' imprisonment, and the maximum sentence for his offense was 24 months. *See* Doc. 40; *see also* 18 U.S.C. § 228.

5

restitution (aside from the proposal that Mr. Helgemo pay $40,000 toward Davis' restitution on the condition the court not impose imprisonment). This demonstrates Davis has not acted in good faith in seeking employment or working to pay his restitution. In addition, Davis arranged for payments for work he performed go directly to his girlfriend (including checks written to her rather than to Davis). Davis acknowledged during both the recent debtor's examination and the hearing on October 30 that he did so to avoid paying his child support obligations (restitution).

Davis rationalizes that although his girlfriend received payments for work he performed, that money went to pay for his living expenses (which his girlfriend subsidized) and that he did not earn enough to make restitution payments. This argument might have been persuasive if Davis had made good-faith efforts to find regular work, maintained contact with the United States Attorney's Office, and attempted to make even nominal payments towards his restitution over the past three years. Although Davis has not been employed on a regular basis, I believe he maintains earning capacity based on his prior employment (*see* Doc. 94-1) and his apparent carpentry and similar skills and reported work ethic.

Davis acknowledges he has the ability to work but argues that his lack of a regular job supports his argument that he should be held in civil contempt and allowed to purge this contempt by obtaining a job within a specified period of time. *See* Doc. 95 at 3. This argument overlooks that criminal contempt serves to punish a party's failure to comply with a court order (in this case, Davis' lack of good-faith effort to obtain a job and willful failure to make restitution payments). Davis' actions demonstrate his disregard for the court's orders and the importance of providing full restitution for his crime (nonpayment of child support).

I FURTHER FIND some form of imprisonment is the only available alternative to adequately punish Davis' behavior and to deter both he and others from engaging in

6

such conduct in the future. *Cf. Rogers*, 2012 WL 3151564, at *2-3 (recommending seizure of money in prison account for inmate who failed to pay restitution after determining resentencing and contempt were not appropriate options and other sanctions were inapplicable); *United States v. Peterson*, No 2:08-mj-16, 2010 WL 1052336, at *3 (D.N.D. Mar. 19, 2010) (ordering the sale of property when the government did not believe imprisonment was appropriate and defendant had health issues). The proper remedy should not only serve to gain Davis' compliance but also provide punishment for his blatant and willful conduct.

### III. RECOMMENDATION

For the reasons set forth above, I respectfully RECOMMEND the district court hold Davis in contempt of court under 18 U.S.C. §§ 401 and 3613A(a)(1) for his willful failure to pay restitution and order Davis serve one month of imprisonment either as punishment for criminal contempt or by resentencing under 18 U.S.C.§ 3614.[4] I FURTHER RECOMMEND the district court order that Davis, following any term of imprisonment:

1. File with the court by the 10th day of each month a status report describing the efforts he made during the preceding month to find regular employment, with this requirement remaining in place until Davis obtains regular employment; and

2. Make restitution payments of not less than $200 per month until his restitution is paid in full.

---

[4] The Government requests the court order an updated presentence investigation report before resentencing Davis, but this may not be necessary if the record is adequate for the court to meaningfully exercise its authority under 18 U.S.C. § 3553, and the court explains its reasons on the record. Fed. R. Crim. P. 32(c)(1)(A)(ii).

7

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. LCrR 59. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. See Fed. R. Crim. P. 59.

**ENTERED** this 17th day of January, 2018.

_____
Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa