# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 08-CR-2011-LRR |
| vs. | **ORDER** |
| ROBERT RAY DAVIS, | |
| Defendant. | |

_____

The matters before the court are the government's Motion to Enforce Restitution ("Motion") (docket no. 73), which the government filed on July 11, 2017, and United States Magistrate Judge Kelly Mahoney's Report and Recommendation (docket no. 96), which recommends that the court hold Defendant Robert Ray Davis in contempt of court and impose sanctions for willful failure to pay restitution.

The Motion requests that the "[c]ourt issue an arrest warrant for Defendant and set . . . [a] hearing to determine which additional sanctions may be appropriate under 18 U.S.C. § 3613A, for Defendant's failure to pay his restitution obligation." Motion at 2. The Motion was referred to Judge Mahoney, who granted the Motion as to the arrest warrant and reserved ruling on the government's request for additional sanctions. *See* July 18, 2017 Order (docket no. 74). On October 3, 2017, Defendant made his initial appearance on the arrest warrant before Judge Mahoney. *See* October 3, 2017 Minute Entry (docket no. 76). On October 30, 2017, Judge Mahoney conducted the final hearing on the enforcement of the restitution order. *See* October 30, 2017 Minute Entry (docket no. 88). On December 11, 2017, the government filed its Brief in Support of the Motion and Request for Additional Sanctions (docket no. 94). On December 13, 2017, Defendant filed his Reply Brief (docket no. 95).

On January 17, 2018, Judge Mahoney issued the Report and Recommendation,

which finds that Defendant willfully failed to pay restitution, and that imprisonment is the only available sanction that will adequately punish Defendant. *See* Report and Recommendation at 5-7. Judge Mahoney recommends that the court hold Defendant in contempt of court and impose a one-month term of imprisonment—either for criminal contempt or by resentencing under 18 U.S.C. § 3614. *Id*. at 7. Judge Mahoney further recommends that the court order Defendant to "[f]ile with the court by the 10th day of each month a status report describing the efforts he made during the preceding month to find regular employment . . . until [Defendant] obtains regular employment" and pay at least $200 per month in restitution. *Id*. The Report and Recommendation states that "[o]bjections to th[e] Report and Recommendation . . . must be filed within fourteen days of the service of a copy of th[e] Report and Recommendation." *Id*. at 8.

The time to object to the Report and Recommendation has expired and neither party has filed any objections. Thus, the parties have waived their right to a de novo review of the Report and Recommendation. *See e.g.*, *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) ("Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein." (quoting *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994))). The court finds no plain error in Judge Mahoney's decision. Accordingly, the court **ADOPTS** the factual findings and legal conclusions in the Report and Recommendation. An order setting a date and time for the pronouncement of sanctions will be forthcoming.

**IT IS SO ORDERED.**

**DATED** this 7th day of February, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA